UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITES STATES OF AMERICA )<br>)<br>v. )<br>)<br>TRAVIS MCCUTCHEON, )<br>)<br>Defendant ) | No. 2:24-cr-00012-LEW |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On October 15, 2024, District Judge Nancy Torresen[1] sentenced Defendant Travis McCutcheon to a 42-month term of imprisonment following his guilty plea to a charge of Possession of Child Pornography. On August 13, 2025, Defendant, proceeding pro se, filed a Motion for Compassionate Release (ECF No. 84). The United States filed its Opposition (ECF No. 89) and has supplied medical records associated with Defendant's care while in prison.

A district judge's authority to "vacate, alter, or revise a sentence previously imposed" is "narrowly circumscribed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce Defendant's sentence only if "extraordinary and compelling reasons warrant" such a reduction when considered alongside the general sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). In my

---

[1] The case was reassigned due to Judge Torresen's retirement.

evaluation, I must also ensure that any reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[2] The Commission's policy statements indicate that a request must fit within at least one of six categories. U.S.S.G. § 1B1.13(b) (listing (1) medical circumstances; (2) age; (3) family circumstances; (4) abuse suffered in prison; (5) other reasons "similar in gravity to those described in paragraphs (1) through (4);" and (6) whether the defendant "received an unusually long sentence.").

Defendant's request is based on his medical circumstances, which involve significant anxiety and a urology condition for which he received surgical treatment in May 2025, and his father's medical circumstances, including limitations associated with advanced age. Both Defendant's urology condition and his father's medical circumstances are significant enough that I do not categorically rule out the idea that relief based on their combined effects could conform to the Commission's policy concerns. However, given that Plaintiff has long suffered from his urology condition and it imposes challenges that he likely can meet both in the prison environment and in the home environment (catheterization), and given that the Plaintiff's father has other adult children who live in his area, and given that Plaintiff is already approaching the end of his term of incarceration (less than a year remaining), I ultimately conclude that the circumstances do not cross the "extraordinary and compelling" threshold.

Additionally, given the under-Guidelines sentence that Judge Torresen imposed, I find that Plaintiff's early release from incarceration would not promote the sentencing

---

[2] Additionally, Defendant must first exhaust administrative remedies by petitioning the warden of his facility for early release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022). Defendant has complied with this requirement.

objectives of ensuring that a sentence reflects the seriousness of the offense and avoiding unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(2)(A)-(B), (6).

Consequently, Plaintiff's Motion for Compassionate Release is DENIED (ECF No. 84).

**SO ORDERED.**

Dated this 21st day of October, 2025.

                                                    /s/ Lance E. Walker
                                                    CHIEF U.S. DISTRICT JUDGE